### DAVILLA v. HARMS, Inc., et al.

District Court, S. D. New York.

Oct. 22, 1940.

844

Crawford & Sprague, of New York City (Stewart Sprague and Allan Baillie, both of New York City, of counsel), for plaintiff.

Schwartz & Frohlich, of New York City (Louis D. Frohlich and Herman Finkelstein, both of New York City, of counsel), for defendants National Broadcasting Co., Inc., Columbia Broadcasting System, Bamberger Broadcasting Service, Inc., Knickerbocker Broadcasting Co., Inc., and Marcus Loew Booking Agency.

Howard E. Reinheimer, of New York City for defendants Oscar Hammerstein, 2d, Sigmund Romberg, Otto Harbach, Laurence Schwab and Frank Mandel.

Robert W. Perkins, of New York City, for defendants Warner Bros. Pictures, Inc., Harms, Inc., Stanley Co. of America, Stanley-Mark-Strand Corporation, R.C.A. Mfg. Co., Brunswick Balke Collender Co. of New York, Brunswick Radio Corporation, Brunswick Record Corporation, American Record Corporation, Columbia Phonograph Co., Inc., and M. Witmark & Sons.

Stanleigh P. Friedman, of New York City, for above defendants with exception of Harms and Witmark.

Joseph D. Karp, of New York City, for defendants Harms and Witmark.

MANDELBAUM, District Judge.

Plaintiff sues defendants for copyright infringement of a song entitled "If I Were A Spider And You Were My Fly," which was copyrighted in 1918. The defendants Romberg, Harbach and Hammerstein are the composers and lyric writers of a song entitled "The Desert Song," copyrighted in 1926. The other defendants may be grouped into publishers, producers, motion picture companies, and broadcasting companies, those that broadcast the defendants' song.

After hearing the testimony, as well as the songs played in open court, I am of the opinion that the plaintiff cannot prevail for the following reasons:

First, the test of infringement has not been met. Having heard both the plaintiff's song and the alleged infringing one of the defendants, the claimed similarity appears to be lacking to the layman's ear. The slight resemblance in the progression of a few bars in both compositions is something which occurs frequently but which is not enough to make out a case of piracy.

Second, on a question of laches, the plaintiff completely denies ever having heard "The Desert Song" played in any manner before sometime in 1937. To my mind, it is highly improbable in view of the plaintiff's residing in a large city like New Orleans and engaging in the music publishing business, that he did not between 1926 and 1937 have some knowledge or acquaintance with the defendants' alleged composition. I think under the circumstances that the defendants' claim of laches is well taken. In this connection, I might add that the plaintiff's testimony of his apparent indifference to listening in to any other form of music but his own does not impress the Court. It seems to me strange for a music composer not to seek to keep abreast and informed of current popular music.

Now on the question of access, the plaintiff's only proof of access is his claim of having left copies of his song in 1919 with the defendants Harms, Inc., and Witmark, Inc., and which were never returned to him. No proof was offered that he ever demanded in writing or otherwise the return of the song. It may also be noted that the complaint fails to allege such access, and it first appeared in answer to interrogatories. In view of the slight resemblance between the two songs, I am of the opinion that the proof of access is too meager upon which a suit such as this can be predicated.

The complaint is dismissed as to all the defendants.